# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. GEROMEY GILLIAND, Defendant. | Case No. CR12-1023<br><br>ORDER FOR PRETRIAL DETENTION |

On the 26th day of December, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared in court and was represented by his attorney, JoAnne Lilledahl.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 19, 2012, Defendant Geromey Gilliand was charged by Indictment with being a drug user in possession of a firearm (Count 1) and possessing a firearm with an obliterated serial number (Count 2). At the arraignment on December 20, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on February 19, 2013.

At the hearing, Dubuque Police Officer Ted McClimon testified regarding the circumstances underlying the instant charges. On November 28, 2012, a law enforcement officer observed Defendant, who was known to have an active warrant for his arrest.[1] After he was arrested, officers searched Defendant's backpack and found 5 individual

---

[1] The arrest warrant was for Defendant's failure to appear at a state court proceeding on a controlled substance charge.

packages of marijuana and a .22 caliber handgun with the serial number scratched off. When questioned by law enforcement, Defendant admitted that the marijuana and handgun belonged to him. Defendant told officers that he obtained the handgun a week earlier for protection. Defendant also admitted that he believed the gun may have been stolen because he noticed that the serial number had been scratched off.

According to the amended pretrial services report, Defendant is 23 years old. He was born and raised in Chicago, Illinois. He was raised by his grandmother and, later, by his godparents, who reside in Dubuque, Iowa. According to Defendant, he moved to eastern Iowa in late 2008. Defendant is single, has never been married, and has no children.

Defendant has been unemployed for approximately the past 16 months. Defendant is in good physical health, but has a bullet lodged in his back from a 2010 incident and another bullet lodged in his thigh from a 2008 incident. Defendant was treated for depression in 2007, but has since discontinued treatment and taking medication. Defendant told the pretrial services officer that he had suicidal thoughts for a "few days" prior to his arrest, but denied any current suicidal ideation or plans. Defendant stated that he has smoked marijuana daily since age 18. His last use was approximately 23 days prior to his arrest.

Turning to Defendant's criminal record, on May 14, 2010, Defendant was charged and later convicted of disorderly conduct, fighting or violent behavior. Ten days later, on May 24, while the first charge was pending, Defendant was charged and later convicted of interference with official acts. On October 25, 2010, while the interference with official acts charge was pending, Defendant was charged and later convicted of harassment of city employees. On November 3, 2010, while the interference with official acts and harassment of city employees charges remained pending, Defendant was charged and later convicted of possession of a controlled substance.

In April 2011, Defendant received suspended jail terms on both the interference with official acts and possession of a controlled substance charges. In May 2011, a violation of probation petition was filed, and an arrest warrant was issued. The warrant was served 4 days later. In June 2011, Defendant was found in contempt of court for failing to report to his probation officer. Defendant's failure to maintain contact continued, even after being found in contempt. In August 2011, an addendum to the violation of probation petition was filed, and another arrest warrant was issued. In November 2011, the arrest warrant was served and Defendant's probation was revoked. Also at about that time, Defendant was charged and later convicted of interference with official acts causing bodily injury and fifth degree criminal mischief.

In August 2012, Defendant was charged with possession of a controlled substance. Defendant failed to appear for a court hearing, and an arrest warrant was issued. The warrant was served on November 28, 2012, as set forth above. In addition to the instant federal charges, charges stemming from Defendant's arrest and the search of his backpack also remain pending in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the

court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

4

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a drug user in possession of a firearm and possessing a firearm with an obliterated serial number. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. On November 28, 2012, Defendant was arrested pursuant to an active warrant. His backpack was searched incident to arrest. Inside the backpack, law enforcement found marijuana and a handgun with the serial number scratched off. Defendant was interviewed by law enforcement and admitted that the handgun and marijuana belonged to him.

As a general proposition, the combination of drugs and guns constitutes a very serious danger to the community. Defendant is an admitted active drug user, and has been convicted of violent offenses. He also has a history of committing crimes while on pretrial release and probation. Defendant has been unemployed for approximately 18 months, and has no stable residence. At the time of his arrest on the instant charges, Defendant had an outstanding arrest warrant for failing to appear at a court hearing. Based on the serious nature of the offense, and all of the facts and circumstances, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community and assure Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 20, 2012) to the filing of this Ruling (December 27, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27th day of December, 2012.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA